UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. HOYT and TIMOTHY BROWDER,<br><br>Plaintiffs,<br>v.<br><br>ARROW FINANCIAL SERVICES LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)  05 C 10560 - RGS<br>)<br>)<br>)<br>)<br>) |

FILED
CLERKS OFFICE
2005 MAY 23  P 3: 10
U.S. DISTRICT COURT
DISTRICT OF MASS

## DEFENDANT, ARROW FINANCIAL SERVICES LLC'S ANSWER TO COMPLAINT

DEFENDANT, ARROW FINANCIAL SERVICES LLC, by its attorneys, and for its answer to plaintiffs' complaint, states as follows:

### INTRODUCTION

1. Plaintiffs William J. Hoyt and Timothy Browder bring this action to secure redress against unlawful collection practices engaged in by defendant Arrow Financial Services LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 USC §1692 et seq. ("FDCPA").

**ANSWER:** Defendant admits that plaintiffs filed a lawsuit purporting to allege a violation of the FDCPA. In further answering the allegations contained in paragraph 1, defendant denies that it violated the FDCPA or engaged in any unlawful collection practice and denies that plaintiffs are entitled to any relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. § 1692k (FDCPA). Venue in this District is proper because defendant is located in the District and its collection communications were received in this District.

**ANSWER:** Upon information and belief defendant admits paragraph 2.

## PARTIES

3.  Plaintiff William J. Hoyt is an individual who resides in Charlemont, Massachusetts.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to where plaintiff Hoyt resides as of the date of this answer.

4.  Plaintiff Timothy Browder is a resident of Chestnut Hill, MA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to where plaintiff Browder resides as of the date of this answer.

5.  Defendant Arrow Financial Services LLC is a limited liability company chartered under Illinois law with its principal place of business at 5996 W. Touhy Avenue, Niles. IL 60714.

**ANSWER:** Defendant admits that it is a limited liability company chartered under Delaware law with its principal place of business at 5996 West Touhy Avenue, Niles, Illinois 60714 and denies the remaining allegations contained in paragraph 5.

6.  Arrow Financial Services LLC acts as a collection agency and also engages in the business of buying bad debts allegedly owed by consumers for a small fraction of face value and enforcing the debts against the consumers.

**ANSWER:** Defendant admits that it is in the business of buying debts and that it acts as a collection agency. In further answering the allegations contained in paragraph 6, defendant denies that plaintiff fully or accurately characterizes the nature of its business.

7.  According to its Website. during 2002 defendant Arrow Financial Services LLC purchased $2.9 billion in charged-off consumer debts.

**ANSWER:** Defendant admits that paragraph 7 attempts to paraphrase information contained on its website.

8. Defendant Arrow Financial Services LLC is a "*debt collector" as defined in the FDCPA.

> **ANSWER:** Defendant admits that it acts as a debt collector for some purposes and in further answering the allegations contained in paragraph 8, defendant states that it is without knowledge or information sufficient to form a belief as to whether it acted as a debt collector with respect to the plaintiffs because it does not know the purpose of plaintiffs' debts.

### PRIVACY PROTECTIONS IN FDCPA

9. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties …" FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

> **ANSWER:** Defendant admits that plaintiffs purport to recite the FTC Official Staff Commentary on the Fair Debt Collection Practices Act but deny plaintiffs characterization of the Act.

10. 15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties**--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b deals with locating debtors who cannot be found.

> **ANSWER:** Defendant admits only that paragraph 10 purports to recite §1692c(b) and characterize that provision. Defendant denies that §1692c(b) is applicable or that it violated such provision.

5925736v1 852554
965353v1

11.     Section 1692d(3) defines as "harassment" and a violation of the FDC: PA "[t]he **publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681 b(3) of this title."** Section 1681 a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of information in a consumer report for employment purposes.

**ANSWER:** Defendant admits only that paragraph 11 purports to recite §1692d(3) and purports to quote FTC Official Staff Commentary. Defendant denies that plaintiff accurately characterizes or paraphrases these sections.

12.     Section 1692e provides:

**§1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...**

> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken....**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

**ANSWER:** Defendant admits that plaintiffs recite a portion of §1692e. Defendant denies that §1692e is applicable or that it has violated this section.

13.     Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money: ...

> **...(7) Communicating with a consumer regarding a debt by post card.**
>
> **(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a**

4

**debt collector may use his business name if such name does not indicate that he is in the debt collection business...**

**ANSWER:** Defendant admits that plaintiff recites a portion of §1692f. Defendant denies that §1692f is applicable or that it violated this section.

## FACTS RELATING TO PLAINTIFFS

14. On or about March 31, 2004, defendant Arrow Financial Services LLC sent plaintiff William J. Hoyt a collection letter, attached as Exhibit A.

**ANSWER:** Defendant admits that on or about March 31, 2004 it sent plaintiff Hoyt a collection letter attached as Exhibit A. Defendant denies that Exhibit A is an original of that letter.

15. On or about February 4, 2005, defendant Arrow Financial Services LLC sent plaintiff Timothy Browder a collection letter, attached as Exhibit B.

**ANSWER:** Defendant admits that on or before February 4, 2005 it sent plaintiff Browder a collection letter attached as Exhibit B. Defendant denies that Exhibit B is an original of that letter.

16. Exhibits A and B are form letters.

**ANSWER:** Defendant admits that Exhibits A and B are forms of letters that it uses.

17. Exhibits A and B consisted of a collection demand on the front and a notice of the privacy and information disclosure practices of Arrow Financial Services LLC on the reverse. The material on the reverse is referred to on the front with the bolded statement, **"Please see reverse side for important information."**

**ANSWER:** Defendant admits that Exhibits A and B are attempts to collect debts owed by plaintiffs and contain a privacy notice on the reverse of the letter. Defendant admits the letters state "please see reverse side for important information" on the front of the letters.

5925736v1 852554
965353v1

## COUNT I - FDCPA

18. Plaintiffs incorporate paragraphs 1-17.

**ANSWER:** For its answer to paragraph 18, defendant restates and realleges its answers to paragraphs 1 through 17 as if fully set forth herein.

### FDCPA VIOLATIONS RESULTING FROM DEFENDANT'S PRIVACY NOTICE

19. The reverse of Exhibits A and B state that "We collect and use nonpublic personal information about you to conduct our business," which consists of debt collection.

**ANSWER:** Defendant admits that the reverse of Exhibits A and B state "We collect and use nonpublic personal information about you to conduct our business." Defendant denies the remaining allegations because it denies that plaintiff properly characterizes its privacy notice.

20. The "sources of this information" are identified as (a) "[i]nformation we receive from you on [credit] applications or other forms or through your correspondence or communication with us including through the mail, by telephone, or over the Internet, such as your name, address, social security number, assets and income," (b) "Information about your transactions with us, our affiliates, or others, such as your account balance and payment history," and (c) "Information we receive from third parties, such as consumer reporting agencies."

**ANSWER:** Defendant admits that the reverse of Exhibits A and B state "sources of this information include the following: information we receive from you on applications or other forms or through your correspondence or communication with us through the mail, by telephone, over the internet, such as your name, address, social security number, assets and income; information about your transactions with us, our affiliates, or others, such as your account balance and payment history; and information we receive from third parties such as consumer reporting agencies."

21. All of this information is integrally related to debt collection.

**ANSWER:** Defendant denies the allegations contained in paragraph 21.

22.     The reverse of Exhibits A and B then state:

Subject to applicable law, we may disclose all of the information that we collect, as described above. We may share all of the information that we collect with companies that work for us. These companies may include financial service providers such as payment processing companies, and non-financial companies who assist us, for example, in mailing statements or other materials to you, or data processing or analysis. We may also share all of the information we collect with companies that assist us in servicing your account, with government entities in response to subpoenas or regulatory requirements, and with consumer reporting agencies. We may also disclose non public personal information about you to nonaffiliated third parties as permitted or required by law. We may disclose all of the information we collect, as described above, to companies that perform marketing or other services on our behalf or to other financial institutions with whom we have joint marketing agreements.

**ANSWER:** Defendant admits that paragraph 22 purports to recite portions of defendant's privacy notice.

23.     Many of the uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. § 1692c, and the statement that Arrow Financial Services LLC would make such disclosures, or has the right to do so, violates 15 U.S.C. § 1692e

**ANSWER:** Defendant denies that plaintiffs accurately characterize its privacy notice and accordingly deny each and every allegation contained in paragraph 23.

24.     In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. § 1692d, and the statement that Arrow Financial Services LLC will do so or has the right to do so violates 15 U.S.C. §1692c.

**ANSWER:** Defendant denies that plaintiffs accurately characterize its privacy notice and accordingly denies each and every allegation contained in paragraph 24.

25. For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. § 1692c.

> **ANSWER:** Defendant denies that plaintiffs accurately characterize its privacy notice and accordingly deny each and every allegation contained in paragraph 25.

26. The privacy notice then states that if the consumer would "prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties," the consumer must so request in writing. This is a misstatement of the consumer's rights under 15 U.S.C. § 1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may he disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

> **ANSWER:** Defendant admits only that its privacy notice states "if you prefer that we not disclose nonpublic personal information about you to non affiliated third parties, you may opt out of these disclosures, that is, you may direct us not to make those disclosures (other than disclosures permitted by law)." Defendant denies each and every remaining allegation contained in paragraph 26.

27. Finally, the inclusion of erroneous statements in a debt collection letter that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

> **ANSWER:** Defendant denies that plaintiffs accurately characterize its privacy policy and accordingly deny each and every allegation contained in paragraph 27.

5925736v1 852554
965353v1

## CLASS ALLEGATIONS

28. Plaintiffs bring this action on behalf of a class.

**ANSWER:** Defendant admits that plaintiffs' complaint purports to be brought on behalf of a class, and in further answering the allegations contained in paragraph 28, defendant denies that a class exists or that one should be certified.

29. The class consists of (a) all natural persons with Massachusetts addresses (b) to whom Arrow Financial Services LLC sent a letter in the form represented by Exhibits A or B, (c) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

**ANSWER:** Defendant denies that a class exists or that one should be certified, and accordingly, denies each and every allegation contained in paragraph 29.

30. The class members arc so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER:** Defendant denies that a class exists or that one should be certified, and accordingly, denies each and every allegation contained in paragraph 30.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and B violate the FDCPA.

**ANSWER:** Defendant denies that a class exists or that one should be certified, and accordingly, denies each and every allegation contained in paragraph 31.

32. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Defendant denies that a class exists or that one should be certified, and accordingly, denies each and every allegation contained in paragraph 32.

5925736v1 852554
965353v1

33. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** Defendant denies that a class exists or that one should be certified, and accordingly, denies each and every allegation contained in paragraph 33.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**ANSWER:** Defendant denies that a class exists or that one should be certified, and accordingly, denies each and every allegation contained in paragraph 34.

WHEREFORE, defendant, ARROW FINANCIAL SERVICES LLC, respectfully requests that this Court enter judgment in its favor and against the plaintiffs and for such further relief as this Court deems appropriate and just.

### FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense, defendant states that any violation of the FDCPA, which it denies occurred, was unintentional and occurred in spite of procedures reasonably adapted to avoid such error. Defendant states that its privacy policy is not a threat to disclose private information to the third parties in violation of the FDCPA, but instead, is modeled after the Gramm-Leach Blitey Act, and that its privacy notice complies with the GLB.

### SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense, defendant states that plaintiffs' complaint fails to state a claim upon which relief may be granted because the privacy notice at issue does not contain false of misleading statements in violation of § 1692e, and plaintiffs have not plead any facts to indicate that any communication was made with a third party, or that defendant published a list regarding their debts pursuant to § 1692d, c, or f.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that upon information and belief Browder's purported cause of action may not be allowed to proceed within the United States District Court System as Defendant may possess certain rights to move this action to arbitration based on contracts entered into by plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant states that any amounts recovered by plaintiffs' should be set off against the amounts they owe on their accounts.

Respectfully submitted,
ARROW FINANCIAL SERVICES LLC
By its attorneys,

**MORRISON MAHONEY, LLP**

_____
Scott Douglas Burke, BBO #551255
Lynne McNeill, BBO #644721
250 Summer Street
Boston, MA 02210
(617) 439-7500

5925736v1 852554
965353v1

## CERTIFICATE OF SERVICE

    I, Lynne McNeill, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, upon the attorney of record for each party on May 20, 2005.

*[signature]*
Lynne McNeill

5925736v1 852554
965353v1