IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM J. HOYT and TIMOTHY BROWDER, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05 CV 10560 |
| | ) | |
| ARROW FINANCIAL SERVICES LLC | ) | Judge Stearns |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AGREEMENT**

Plaintiffs William J. Hoyt and Timothy Browder, by their attorneys Daniel Edelman, Francis Greene and Christopher Lefebvre and Defendant Arrow Financial Services LLC by its attorneys David M. Schultz, Scott Burke and Lynne McNeill and for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

1.      This action was brought by the plaintiffs on their own behalf and on behalf of all other persons similarly situated to the plaintiffs.

2.      Plaintiffs alleged claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L. CH93A in connection with collection letters sent by Defendant to Plaintiffs.

3.      Defendant moved to compel arbitration on Plaintiff Browder's claims and on August 15, 2005, the Court granted Defendant's motion to compel the arbitration of Plaintiff Browder's claims and stayed this action pending the outcome of the arbitration.

4.      Defendant denies liability to Plaintiffs and the class for the claims alleged herein but considers it desirable that the action and the claims alleged therein be settled and in the case

of Plaintiff Browder settled in lieu of arbitration, upon the terms and conditions set forth in the

Class Settlement Agreement executed by the parties, attached hereto as Exhibit A.

5.     For settlement purposes only, the parties have stipulated to the certification of a

class defined as follows:

> (a) all natural persons with Massachusetts address (b) to whom Arrow Financial Services LLC sent a letter in the form represented by Exhibits A and B to the Amended Complaint (c) on or after March 24, 2004, and (d) on or before April 14, 2005.

The class, as defined, includes approximately 5,350 persons.

6.     Counsel for the Plaintiffs and Defendant have reviewed and analyzed the legal

and factual issues presented in this action, the risks and expense involved in pursuing the

litigation to conclusion, the likelihood of recovering damages in excess of those obtained through

this settlement, the protracted nature of the litigation and the likelihood, costs and possible

outcomes of one or more procedural and substantive appeals.   Based upon their review and

analysis, and after arms-length negotiations, Plaintiffs and Defendant entered into the Class

Settlement Agreement.

7.     Pursuant to the Class Settlement Agreement, Defendant has agreed to pay a total

of $39,500 in settlement of this action to be distributed as follows:

(a)     <u>Relief to Plaintiffs;</u> Plaintiffs Hoyt and Browder will each receive $1,000 in

settlement of their individual claims and Defendant shall cease collection of

Hoyt's GE Capital Consumer Card Co. account, (identified at paragraph 10(c) of

the Class Settlement Agreement) and Browder's Tweeter account, (identified at

paragraph 10(d) of the Class Settlement Agreement).

(b)     <u>Relief to Class Members;</u>

2

1.    <u>Those Who Return Claim Forms</u>; Each member of the class who timely returns a claim form and does not exclude him or herself shall receive a *pro rata* share of $25,000.  No class member shall receive a *pro rata* share in excess of $100.

2.    <u>Those Who Do Not Return Claim Forms</u>; Defendant shall credit the account balance of each class member who does not submit a claim form in an amount equal to 10% of the class member's outstanding account balance.

3.    Any undistributed funds or uncashed checks will be distributed to a mutually agreed upon charity as a cy pres award.

(c)    <u>Attorneys Fees</u>;  Subject to court approval, class counsel will receive $12,500 in fees and costs.

(d)    <u>Class Notice</u>.  Defendant will pay the cost of providing notice to the class and of the administration of the settlement.

(e)    Class members shall have 45 days to opt out or object to the proposed settlement.

8.    Plaintiffs and counsel for Plaintiffs and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiffs and Defendant respectfully request that this Court enter an order in the form of Exhibit B which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of notice in the form of Exhibit C, subject to any modification deemed necessary by the Court, (iii) appoints Edelman, Combs, Latturner & Goodwin, LLC and the Law Offices of Claude Lefebvre & Sons as class counsel and (iv) sets dates for opt-outs, objections and schedules a hearing for final approval.

6033825v1 852554

Counsel for Plaintiffs:

/s/  Francis Greene

_____

| | |
|---|---|
| Daniel A. Edelman | Christopher M. Lefebvre |
| Francis Greene | Law Offices of Claude Lefebvre & |
| Edelman, Combs, Latturner & Goodwin, LLC | Sons |
| 120 South LaSalle Street, Suite 1800 | P.O. Box 479 |
| Chicago, IL 60603 | Pawtucket, RI  02862 |
| (312) 739-4200 | (401)728-6060 |

Counsel for Defendant:

/s/ Lynne McNeill

_____

| | |
|---|---|
| Scott Douglas Burke, BBO #551255 | David M. Schultz |
| Lynne McNeill, BBO #644721 | Hinshaw & Culbertson LLP |
| Morrison Mahoney LLP | 222 N. LaSalle St. |
| 250 Summer Street | Suite 300 |
| Boston, MA 02110 | Chicago, IL  60601 |
| (617)439-7500 | (312)704-3000 |

6033825v1 852554

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. HOYT and TIMOTHY BROWDER, | ) ) ) | |
| Plaintiffs, | ) ) | 1:05cv10560 RGS |
| v. | ) ) ) | |
| ARROW FINANCIAL SERVICES LLC, | ) ) | |
| Defendant. | ) ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.  **Parties.** The parties to this Agreement are Defendant Arrow Financial Services LLC ("Defendant") on the one hand and Plaintiffs William J. Hoyt and Timothy Browder ("Plaintiffs") individually, and as representatives of a class of persons defined below in ¶ 9, on the other hand.

2.  **Nature of litigation.** Plaintiffs originally brought this action in the United States District Court for the District of Massachusetts, Eastern Division. In their Amended Complaint, Plaintiffs asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L. CH 93A in connection with collection letters (attached hereto as Exhibit A and Exhibit B) sent by Defendant to Plaintiffs. On August 15, 2005, the Court granted Defendant's motion to compel the arbitration of Plaintiff Browder's claim.

3.  **Liability.** Defendant denies liability to Plaintiffs and the class for the claims alleged but considers it desirable that the action and the claims alleged therein be settled, and in the case of Plaintiff Browder settled in lieu of arbitration, upon the terms and conditions

1

set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiffs or the class members against Defendant, concerning collection letters sent by Arrow or its agents. Plaintiffs believe Defendant is liable but consider it desirable to settle the action upon the terms and conditions set forth in this Agreement.

4.      Plaintiffs individually and on behalf of the class members desire to settle their claims against Defendant, having taken into account through their counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5.      Counsel for Plaintiffs and the class has investigated the facts available to them and the applicable law.

6.      Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the class, counsel for the class consider it to be in the best interest of the class to enter into this Settlement Agreement.

7.      In consideration of the foregoing and other good and valuable consideration, Plaintiffs, counsel for the class, and Defendant stipulate and agree that the claims of the named Plaintiffs and the class, against Defendant should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions.

## TERMS

8.      **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") upon (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the class; finding that this Agreement is fair and made in good faith, dismissing the claims of Plaintiffs and the class members against Defendant with prejudice; and

2

(2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.  **Certification of Class**.

a.  For the purposes of settlement, the parties stipulate to the certification of a class defined as (a) all natural persons with Massachusetts addresses (b) to whom Arrow Financial Services LLC sent a letter in the form represented by Exhibits A and B to the Amended Complaint (c) on or after March 24, 2004, and (e) on or before April 14, 2005.

b.  The class described above includes approximately 5,350 persons.

10.  **Relief to Plaintiffs and the Class**.  Arrow shall provide the following relief to Plaintiffs and the class.

a.  Arrow shall pay a total of $39,500 in settlement of this action which shall be distributed as follows:

(1)  Plaintiffs Hoyt and Browder will each receive $1,000 in settlement of their individual claims;

(2)  Each member of the class who timely returns a claim form and does not exclude him or herself shall receive a *pro rata* share of $25,000. No class member shall receive a *pro rata* share in excess of $100;

(3)  Class counsel, subject to the Court's approval, will receive $12,500 in fees and costs.

3

b.    Arrow shall credit the account balance of each class member who does not submit a claim form in an amount equal to 10% of the class member's outstanding account balance.

c.    Arrow shall cease collection of Hoyt's GE Capital Consumer Card Co. account, GE Account No. 00060975000250044690, Arrow Account No. 25064069. Arrow shall not sell the account and within 30 days after the effective date shall request deletion of the account's tradeline from Hoyt's credit reports.

d.    Arrow shall cease collection of Browder's Tweeter account, No. 6030090204804761, Arrow Account No. 27362761. Arrow shall not sell the account and within 30 days after the effective date shall request deletion of the account's tradeline from Browder's credit reports.

11.    Class members shall have 45 days to opt out or object to the proposed settlement.

12.    On the Effective Date, Defendant shall distribute all monies set forth in this Settlement Agreement. Each class member who has timely returned a claim form and does not exclude him or herself will receive a check which check shall be void after 60 days from the date of issuance.

13.    Within 30 days following the void date of the class members' checks, any uncashed checks or undistributed funds will be distributed to a mutually agreed upon charity as a cy pres award.

14.    **Release.** Plaintiffs and the members of the class will grant Defendant the following releases:

a.    Plaintiffs hereby remise, release and forever discharge ARROW

4

FINANCIAL SERVICES LLC and its present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns (hereinafter collectively "RELEASED PARTIES") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, made or could have been made in this action in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court gives final approval to this Agreement, arising out of all of the allegations made or could have been made in the action styled *William J. Hoyt and Timothy Browder v. Arrow Financial Services, LLC*, 1:05cv10560 RGS.

        b.     Each class member not opting out releases and discharges the RELEASED PARTIES of and from all causes of action, suits, claims and demands, relating to the collection letters attached as <u>Exhibit A</u> and <u>Exhibit B</u>. This release is conditioned upon the approval of this Agreement by the Court and Defendant meeting its obligations herein.

        c.     This release is in no way intended to release Arrow's claims for payment of the class members' debts or the class members' claims regarding (1) whether the debt is in fact actually owed, (2) the crediting of payments on such debts, and (3) the proper reporting of debts to credit bureaus.

        15.    If this Agreement is not approved by the court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16. **Attorney's Fees, Notice Costs and Related Matters.** Defendant will pay the costs of notice and settlement distribution, in addition to the $39,500 set forth above.

Plaintiffs' counsel will petition the Court for attorneys' fees and costs and expenses of this lawsuit, in an amount of $12,500. Plaintiffs' counsel will not request additional fees or costs from Defendant or the class members other than the Court awarded fees and costs. The attorney's fees and costs awarded by the Court shall be paid by check on the Effective Date.

17. **Notice.** Defendant will cause notice to be provided to the class by U.S. Mail. Defendant shall, within 30 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit C, to be sent to the last known addresses of the class members, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendant shall forward any such returned notice to the address provided to Defendant within four days of receipt. Should more than 5% of the class decide to opt out of this action, Arrow may revoke this Agreement at any time up to the entry of the final order approving this Agreement.

18. **Preliminary approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the Court for an order which:

    a.    Preliminarily approves this Settlement Agreement;

    b.    Certifies the class defined in ¶9 for settlement purposes;

    c.    Appoints Edelman, Combs, Latturner & Goodwin, LLC and Law Offices of Claude Lefebvre & Sons as class counsel;

    d.    Schedules a hearing for final approval of this Agreement;

    e.    Approves the form of notice to the class, to be directed to the last

6

known address of the class members as shown on Defendant's records;

        f.     Finds that mailing of the class notice and the other measures specified in ¶17 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

      19.    The parties agree to request the form of notice attached hereto as <u>Exhibit C</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit D</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Settlement Agreement.

      20.    **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, counsel for the class and Defendant shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiffs and the class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

      21.    The parties agree to request the form of final order attached hereto as <u>Exhibit E</u>. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

      22.    <u>Other Claims</u>. Plaintiffs represent that they presently know of no similar claims or causes against Defendant which have not been asserted by Plaintiffs in this lawsuit. Counsel for Plaintiffs are not aware of any claim or causes against Defendant by Plaintiffs which have not been asserted in this lawsuit.

7

23.    **Release of Attorney's Lien.**  In consideration of this Settlement Agreement, Plaintiffs' counsel, hereby waive, discharge and release the "Released Parties" as defined in ¶14 above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiffs' counsel in connection with this case, other than the amount awarded by the Court as specified above. Plaintiffs' counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to agreement with them, and hold Defendant harmless from any such claim.

24.    **Miscellaneous Provisions.**   The parties and their attorneys agree to cooperate fully with one another in seeking  approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

25.    Notices of objections to this Agreement shall be sent to:

> Daniel A. Edelman
> Francis R. Greene
> Edelman, Combs, Latturner & Goodwin LLC
> 120 South LaSalle Street, Suite 1800
> Chicago, IL  60603

and notices to Defendant shall be sent to:

> David M. Schultz
> Hinshaw & Culbertson, LLP
> 222 N. LaSalle Street, Suite 300
> Chicago, IL 60601

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

26.    The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

27.    This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

28.    Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

29.    This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2006.

**For Plaintiffs and the Class**

_____
William J. Hoyt

_____
Timothy Browder

9

**For Class Counsel with Respect to the Release of Attorney's Lien:**

_____

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS
BBO # 629056
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**For Arrow Financial Services LLC:**

BY: _____

**Approved as to Form:**

_____

David M. Schultz
HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (FAX)

Lynne McNeil
Scott D. Burke
MORRISON, MAHONEY, & MILLER LLP
250 Summer Street

10

Boston, MA 02210
(617) 439-7500
(617) 342-4937 (FAX)

Settlement_Settlement Agreement_.wpd

26.     The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

27.     This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

28.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

29.     This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2006.


**For Plaintiffs and the Class**

_William J. Hoyt_     2-27-06
William J. Hoyt


_____
Timothy Browder

9

26.    The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

27.    This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

28.    Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

29.    This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _February 28th_, 2006.

**For Plaintiffs and the Class**

_____
William J. Hoyt

_~~Timothy Browder~~_
Timothy Browder

9

**For Class Counsel with Respect to the Release of Attorney's Lien:**

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS
BBO # 629056
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**For Arrow Financial Services LLC:**

BY:_____

**Approved as to Form:**

_____
David M. Schultz
HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (FAX)

Lynne McNeil
Scott D. Burke
MORRISON, MAHONEY, & MILLER LLP
250 Summer Street

10

Boston, MA 02210
(617) 439-7500
(617) 342-4937 (FAX)

Settlement_Settlement Agreement_.wpd

Exhibit "A"



**OFFICE HOURS: CT**

| | | |
|---|---|---|
| Mon | thru Thursday : | 7:00am - 11:00pm |
| Friday : | | 7:00am - 11:00pm |
| Saturday : | | 8:00am - Noon |
| Sunday : | | 4:00pm - 8:00pm |

Phone Number : 800-896-2743 Ext 544

5996 W Touhy Ave, Niles, IL 60714.
Pay online at www.arrow-financial.com

| ID Number : 25064069 | Re : GE CAPITAL CONSUMER CARD CO. | |
|---|---|---|
| **Account # :** 0006097500250044690 | | **Total Current Balance :** $ 3352.12 |

25064069 - 2016
WILLIAM J HOYT
340 W HAWLEY RD
CHARLEMONT MA 01339-9632

March 31, 2004

## PAST DUE BALANCE

Dear WILLIAM J HOYT,

ARROW FINANCIAL SERVICES purchased your GE CAPITAL CONSUMER CARD CO. account with TROY-BILT charges. As the new owner of your account we would like to give you a second chance to resolve your outstanding balance. Our company prides itself in working with our new customers to provide solutions to help you take a step towards resolving this matter.

ARROW FINANCIAL SERVICES has several programs that will help you satisfy your obligation. Please take this opportunity to help regain your financial future by contacting your account representative at our toll free number 800-896-2743. We look forward to working with you.

### IMPORTANT NOTICE REQUIRED BY LAW

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you do notify us in writing within 30 days after receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

Important notice required by law:  This agency is engaged in the collection of debts.  This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

*James Gettelman*
JAMES GETTELMAN
Account Representative

**Please see reverse side for important information**

31E1948003/31/04ARR12016-E

✂  PLEASE RETURN THIS PORTION WITH YOUR PAYMENT. THANK YOU!  ✂

**Please see reverse side if you would like to pay by credit card**

P.O. BOX 469005
CHICAGO, IL  60646-9005
ADDRESS SERVICE REQUESTED

| ID Number : 25064069 | Re : GE CAPITAL CONSUMER CARD CO. | |
|---|---|---|
| **Account # :** 0006097500250044690 | | **Total Current Balance :** $ 3352.12 |

March 31, 2004

☐ Please check here if there is a new phone # or address change and enter information on reverse side

6 JAG
ARROW FINANCIAL SERVICES LLC
21031 NETWORK PLACE
CHICAGO, IL  60678-1031

CJS
4/19/04

25064069 - 2016    26703
WILLIAM J HOYT
340 W HAWLEY RD
CHARLEMONT MA 01339-9632

0025064069 6097500250044690 2016 0000335212 6

# Privacy Notice

We collect and use nonpublic personal information about you to conduct our business. Sources of this information include the following:

- Information we receive from you on applications or other forms or through your correspondence or communication with us including through the mail, by telephone, or over the Internet, such as your name, address, social security number, assets and income;

- Information about your transactions with us, our affiliates, or others, such as your account balance and payment history;

- Information we receive from third parties, such as consumer reporting agencies.

Subject to applicable law, we may disclose all of the information that we collect, as described above. We may share all of the information that we collect with companies that work for us. These companies may include financial service providers such as payment processing companies, and non-financial companies who assist us, for example, in mailing statements or other materials to you, or data processing or analysis. We may also share all of the information we collect with companies that assist us in servicing your account, with government entities in response to subpoenas or regulatory requirements, and with consumer reporting agencies. We may also disclose nonpublic personal information about you to nonaffiliated third parties as permitted or required by law. We may disclose all of the information we collect, as described above, to companies that perform marketing or other services on our behalf or to other financial institutions with whom we have joint marketing agreements.

If you prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures (other than disclosures permitted by law). **If you wish to opt out of disclosures to nonaffiliated third parties, you may advise us of your decision by writing to us at Arrow Financial Services LLC, Attention: Customer Care Department, 5996 WEST TOUHY AVE, NILES, IL 60714-4610, and providing your name, address, telephone number, social security number, and account or reference number.** Note that Arrow applies opt outs at the account level, not by individual customer. When any person listed on an account opts out (for example, a joint account holder, co-applicant, or authorized user), we will list the entire account as having opted out.

We restrict access to nonpublic personal information about you to those employees who need to know that information to service your account. We maintain physical, electronic, and procedural safeguards to protect your nonpublic personal information. You may have other privacy protections under state laws. We may amend this privacy notice at any time, and we will inform you of any changes as required by law.

## NOTICE TO MASSACHUSETTS RESIDENTS:

"Notice of Important Rights" You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collection agency. Our licensed office is located at 5230 Washington Street, West Roxbury, MA 02132.

---

To authorize a payment through a third-party payment service using your credit card, please fill out the following and return in the enclosed envelope. Pay online at www.arrow-financial.com

Check One: ☐ Visa   ☐ MasterCard   ☐ Discover   ☐ American Express

For security purposes, please provide the 3-digit or 4-digit CVV (Customer Verification Value); if you are using an American Express card the 4-digit CVV can be found on the front-right section of your card above the account number. If you are using a Discover, Visa or MasterCard the 3-digit CVV can be found after the account number on the back side of your card.

Card Number ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

CVV# ☐☐☐☐

Payment Amount _____    Expiration Date _____

Card Holder Name _____    Signature of Card Holder _____    Date _____

Address _____    City, State, Zip _____

Daytime Phone _____    Evening Phone: _____

Make changes to your address and phone number below.

Name _____

Address _____

City _____    State _____    Zip Code _____

Daytime Phone _____    Evening Phone _____

Exhibit B

PO Box 1206
Oaks, PA 19456-1206
2644#27362761#2800#020405


**ARROW**
FINANCIAL SERVICES

5996 W Touhy Ave, Niles, IL 60714
**Pay online at www.arrow-financial.com**

**OFFICE HOURS: Central Time**
Monday thru Thursday:    8:00 am - 9:00 pm
Friday:                             8:00 am - 5:30 pm
Saturday:                        8:00 am - Noon

**Phone Number : 888-334-4006 Ext 2877**

February 4, 2005

27362761 - 2800
TIMOTHY M BROWDER
163 GERRY RD
CHESTNUT HILL MA 02467-3185

| | |
|---|---|
| **ID Number :** 27362761 | |
| **Re:** | Tweeter |
| **Account # :** 6030090204804761 | |
| **Total Current Balance:** $15002.14 | |

## PAST DUE BALANCE

Dear TIMOTHY M BROWDER,

As you were previously advised, we have purchased your account from Tweeter.  We have tried to resolve this matter, but unfortunately the outstanding balance of $15002.14 remains unpaid.

After February 28  2005, we will forward your account to the law firm of GARY H. KREPPEL in MASSACHUSETTS for further review and additional collection activity, including possible legal action.

We now offer you a final opportunity to settle your account for 80% of the outstanding balance.  If you wish to avoid your account being sent to the above law firm in your state, we must hear from you and resolve your account no later than February 28  2005.

**\*\*\* Settlement Amount $12001.71 You Save $3000.43 \*\*\***

If you have any questions please feel free to contact me at 888-334-4006 ext. 2877

**Important notice required by law:** This agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
*FRANK PISTORIO*
FRANK PISTORIO
LEGAL OUTSOURCING REPRESENTATIVE

**Please see reverse side for important information**                            2644 - 94
✂    PLEASE RETURN THIS PORTION WITH YOUR PAYMENT. THANK YOU!    ✂

February 4, 2005

**Please see reverse side if you would like to pay by credit card**

| | |
|---|---|
| **ID Number :** 27362761 | |
| **Re:** | Tweeter |
| **Account # :** 6030090204804761 | |
| **Total Current Balance:** $15002.14 | |

☐ Please check here if there is a new phone # or
   address change and enter information on reverse side

*CK# 5028*
*CGS*
*3/5/05*

27362761 - 2800
TIMOTHY M BROWDER
163 GERRY RD
CHESTNUT HILL MA 02467-3185

ARROW FINANCIAL SERVICES
21031 Network Place
Chicago, IL 60678-1031
Ililllllllillillilllillllillllllilllllllilllll

0027362761 6030090204804761 2800 0001500214 5

## Privacy Notice

We collect and use nonpublic personal information about you to conduct our business. Sources of this information include the following:

- Information we receive from you on applications or other forms or through your correspondence or communication with us including through the mail, by telephone, or over the Internet, such as your name, address, social security number, assets and income;

- Information about your transactions with us, our affiliates, or others, such as your account balance and payment history;

- Information we receive from third parties, such as consumer reporting agencies.

Subject to applicable law, we may disclose all of the information that we collect, as described above. We may share all of the information that we collect with companies that work for us. These companies may include financial service providers such as payment processing companies, and non-financial companies who assist us, for example, in mailing statements or other materials to you, or data processing or analysis. We may also share all of the information we collect with companies that assist us in servicing your account, with government entities in response to subpoenas or regulatory requirements, and with consumer reporting agencies. We may also disclose nonpublic personal information about you to nonaffiliated third parties as permitted or required by law. We may disclose all of the information we collect, as described above, to companies that perform marketing or other services on our behalf or to other financial institutions with whom we have joint marketing agreements.

If you prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures (other than disclosures permitted by law). **If you wish to opt out of disclosures to nonaffiliated third parties, you may advise us of your decision by writing to us at Arrow Financial Services LLC, Attention: Customer Care Department, 5996 WEST TOUHY AVE, NILES, IL 60714-4610, and providing your name, address, telephone number, social security number, and account or reference number.** Note that Arrow applies opt outs at the account level, not by individual customer. When any person listed on an account opts out (for example, a joint account holder, co-applicant, or authorized user), we will list the entire account as having opted out.

We restrict access to nonpublic personal information about you to those employees who need to know that information to service your account. We maintain physical, electronic, and procedural safeguards to protect your nonpublic personal information. You may have other privacy protections under state laws. We may amend this privacy notice at any time, and we will inform you of any changes as required by law.

### NOTICE TO MASSACHUSETTS RESIDENTS:

"Notice of Important Rights" You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collection agency. Our licensed office is located at 5230 Washington Street, West Roxbury, MA 02132.

| To authorize a payment through a third-party payment service using your credit card, please fill out the following and return in the enclosed envelope. Pay online at www.arrow-financial.com | Make changes to your address and phone number below. |
|---|---|
| Check One: ☐ **Visa**  ☐ **MasterCard**  ☐ **Discover**  ☐ **American Express** | |
| For security purposes, please provide the 3-digit or 4-digit CVV (Customer Verification Value); if you are using an American Express card the 4-digit CVV can be found on the front-right section of your card above the account number. If you are using a Discover, Visa or MasterCard the 3-digit CVV can be found after the account number on the back side of your card. | |
| Card Number | Name |
| CVV# | Address |
| Payment Amount         Expiration Date | City         State         Zip Code |
| Card Holder Name    Signature of Card Holder    Date | Daytime Phone         Evening Phone |
| Address         City, State, Zip | |
| Daytime Phone         Evening Phone | |

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. HOYT and TIMOTHY BROWDER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:05 CV 10560 |
| | ) | Judge Stearns |
| ARROW FINANCIAL SERVICES LLC | ) ) | |
| Defendant. | ) | |

## NOTICE OF PENDENCY OF CLASS ACTION SUIT AND OF COURT HEARING ON APPROVAL OF PROPOSED SETTLEMENT

To:    (a) all natural persons with Massachusetts addresses (b) to whom Arrow Financial Services LLC sent a letter in the form represented by <u>Exhibits A and B</u> to the Amended Complaint (c) on or after March 24, 2004, and (d) on or before April 14, 2005.

*PLEASE READ THIS NOTICE CAREFULLY.*

*THIS IS <u>NOT</u> AN ATTEMPT TO COLLECT MONEY FROM YOU.*
*THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT <u>AGAINST</u> YOU.*
*YOU MAY BENEFIT FROM READING THIS NOTICE.*

*IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS, YOU MUST RETURN THE FORM AT THE END OF THIS NOTICE BY _____, 2006.*

### THE LITIGATION

You are hereby notified that on March 21, 2005 plaintiffs William J. Hoyt and Timothy Browder filed a class action suit in the District of Massachusetts Eastern Division alleging claims pursuant to the Fair Debt Collection Practices Act and Mass G.L. CH 93A in connection with collection letters sent by Defendant. Defendant moved to compel arbitration of Plaintiff Browder's claims. On August 15, 2005, the Court granted Defendant's motion to compel arbitration of Plaintiff Browder's claims and stayed this suit. Judge Richard G. Stearns of the United States District Court for the District of Massachusetts, Eastern Division, has granted preliminary approval of a settlement agreement in this action.

You are being sent this notice because you appear to be a member of the class defined above. This notice explains the nature of the lawsuit, the terms of the settlement, describes how you may benefit from the settlement and informs you of your legal rights, options, and obligations.

## NO ADMISSION OF LIABILITY BY DEFENDANT

By settling this lawsuit, Defendant is not admitting, and expressly denies, that it has done anything wrong.

## THE PROPOSED SETTLEMENT

Plaintiffs and Defendant have agreed to the settlement described below.

**Class Recovery, Attorney's Fees and Relief to Plaintiffs.**  Defendant agrees to pay a total of $39,500 including class counsel's attorneys fees to settle the claims of the plaintiffs and the class.  The $39,500 will be distributed as follows; plaintiffs' counsel will petition the Court for attorneys fees not to exceed $12,500, Defendant agrees to pay each named Plaintiff (Hoyt and Browder) $1,000 and the remainder (an estimated amount of $25,000) will be split evenly amongst those class members who: (i) do not opt-out, and  (ii) return a claim form by _____.  No class member shall receive a *pro rata* share in excess of $100.  Class members who do not return a claim form shall receive a credit of 10% of their outstanding account balance.

**Costs.**  Defendant will pay for the costs associated with class notice and administration of the Class Settlement Agreement.

**Release.**  Unless you exclude yourself from the Settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you give the Defendant a "release."  A release means you can't sue or be part of any other lawsuit against Arrow Financial Services LLC about the claims or issues in this lawsuit ever again.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

The claim asserted on behalf of the class against defendant is under the FDCPA and Mass. G.L. CH 93A.  The FDCPA is a federal statute which provides for both individual actions and class actions.  The Mass. G.L. CH 93A is a Massachusetts state statute which provides for both individual and class actions.

In an individual FDCPA action, the person bringing the suit may recover (i) any actual damages suffered and (ii) statutory damages of between nothing and $1,000.  (Please note that plaintiffs' complaint did not allege actual damages.)

In a class action under the FDCPA, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) statutory damages determined by the Court, based on the culpability of the defendant's conduct and the amount of harm caused by the defendant.  Statutory damages in a class action brought under the FDCPA cannot exceed $500,000 or 1% of the defendant's net worth (whichever is less).  The Court, in its discretion, may award anything between nothing and the maximum amount, depending upon the egregiousness of the violation.

Under Mass G.L. ch93A, §9, in an individual and class action if the court finds for the plaintiff, recovery can either be the amount of actual damages or $25.00, whichever is greater, or up to three but not less than two times such amount if the court finds that the use or employment

of the act or practice complaint of was willful.

In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

After subtracting attorneys' fees and statutory damages to the plaintiffs, the minimum class recovery provided by the proposed settlement is $25,000. Class counsel believes that given the disputed nature of plaintiffs' claims and the protracted nature of the litigation, that this settlement is fair and reasonable and that the class members should accept this settlement.

If all of the approximately 5,350 class members return a claim form (which is unlikely), each individual will receive approximately $4.67. If 25% of the class members return a claim form, each individual will receive approximately $18.70. If 10% of the class members return a claim for, each class member will receive approximately $46.73. Class counsel expects that between 10% and 25% of class members will return claim forms.

## WHO REPRESENTS THE CLASS?

The following attorneys represent William Hoyt and Timothy Browder, and all the members of the class described above ("Class Counsel"):

| | |
|---|---|
| Daniel A. Edelman | Christopher M. Lefebvre |
| Francis Greene | Law Offices of Claude Lefebvre & |
| Edelman, Combs, Latturner & Goodwin, LLC | Sons |
| 120 South LaSalle Street, Suite 1800 | P.O. Box 479 |
| Chicago, IL 60603 | Pawtucket, RI 02862 |
| (312) 739-4200 | (401)728-6060 |
| (312) 419-0379 (FAX) | (401)728-6534 (FAX) |

## YOUR CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to First Class, Inc., 626 S. Clark, 7th Floor, Chicago, IL 60605 stating your past and current addresses plus the case name (Hoyt. v. Arrow Financial Services LLC.), and number (Case No. 05 C 10560 (Mass)):

If any of the persons to whom this notice is sent have divorced, you should send a letter to the same address explaining who is entitled to this claim. Include any supporting documentation (such as a divorce decree) with this letter.

## THE FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to plaintiffs' counsel of costs and attorney's fees. **The hearing will take place before Judge Stearns on _____ in Room #21-7th Fl. of the United States District Court for the District of Massachusetts, John Joseph Moakley US Courthouse 1 Courthouse Way, Suite 2300, Boston, MA 02210. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING**

## YOUR OPTIONS

1.      **You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley US Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA  02210.** The request for exclusion must be received by the Clerk of the Court on or before _____ and must refer to your name, address, and the name and number of the case.

2.      **If you wish to receive a portion of the settlement proceeds, you must complete and return the proof of claim form at the end of this notice indicating that you wish to participate in the settlement. The proof of claim form must be post-marked on or before _____ and mailed to First Class, Inc., 626 S. Clark, 7th Floor, Chicago, IL  60605.** You will be represented by the attorneys for plaintiffs without additional charge.  Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney.  If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by _____.  If you participate through your own attorney, it will be at your expense.  **Any party who returns a claim form or otherwise does not exclude his or herself from the settlement, as described above, will be bound by the settlement agreement and release of claims against the defendants, as approved by the Court.**

3.      **If you object to the settlement, and wish to submit an objection rather than exclude yourself from the class action, you may submit your objection in writing to the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley US Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA  02210.** The objection must be received by the Clerk of the Court on or before _____ and must refer to the name and number of the case.  Any written objection must include your name and address, the name and number of the case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class.  **If you do file an objection, you do not have to appear at the hearing before Judge Stearns on _____. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.** If you intend to object at the hearing, you must notify the Clerk of the Court of your intention to do so by _____.  Please note that it is not sufficient to simply state that you object.  You must state reasons why the settlement should not be approved.

IMPORTANT:  THE COURT REQUIRES THAT ANY REQUESTS FOR EXCLUSION OR OBJECTIONS BE RECEIVED BY THE CLERK BY _____.  IF YOU INTEND TO SUBMIT AN EXCLUSION OR OBJECTION BY MAIL, PLEASE BE SURE TO DO SO IN SUFFICIENT TIME FOR IT TO BE RECEIVED BY _____.

**If you choose to exclude yourself from the class action and settlement you will not receive a payment or credit under this agreement.  If you remain in the class action but do not return a proof of claim form by _____, you will be bound by the settlement agreement and release but will only receive a single credit of 10% of your outstanding account balance for your account with Arrow- you will not receive payment under this agreement.  Only those class members who complete and return a valid proof of claim form post-marked on or before _____ will receive payment under this**

agreement.

**If the settlement is not approved, the case will proceed as if no settlement had been attempted.**

There can be no assurance that if the settlement is not approved, the class will recover more than is provided in the settlement or, indeed, anything.

## AVAILABILITY OF FILED PLEADINGS

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the office of the Clerk of the United States District Court for the District of Massachusetts John Joseph Moakley US Courthouse 1 Courthouse Way, Suite 2300, Boston, MA 02210. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## INQUIRIES

Any questions you or your attorney have concerning this notice should be directed to:

Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
312-419-0379 (fax)
edcombs@aol.com

Please include the case name and number, your name and your current return address on any letters, and not just the envelopes.

## DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

## PROOF OF CLAIM

RE:   HOYT V. ARROW FINANCIAL SERVICES LLC
      CASE NO. 05 C 10560 (MASS)

IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____ AND
MAILED TO THE FOLLOWING ADDRESS:

First Class, Inc.,
626 S. Clark
7th Floor
Chicago, IL  60605

Please LEGIBLY PRINT the following information:

NAME:                _____

SOCIAL SECURITY NO. _____

ADDRESS:    _____

CITY/STATE:_____

ZIP CODE:   _____

NOTE: IF YOUR CURRENT NAME IS DIFFERENT THAN THE NAME YOU USED WHEN
YOU RECEIVED A COLLECTION LETTER FROM ARROW FINANCIAL SERVICES LLC,
PRINT THE NAME YOU USED HERE:

_____

_____
(YOUR SIGNATURE)

6033833v1 852554

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

WILLIAM J. HOYT and TIMOTHY )
BROWDER,                      )
                             )
            Plaintiffs,       )          1:05cv10560 RGS
                             )
      v.                      )          Judge Stearns
                             )
ARROW FINANCIAL SERVICES LLC, )
                             )
            Defendant.        )

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiffs' request for preliminary

approval of a Class Settlement Agreement ("Agreement") with Defendant Arrow Financial

Services LLC ("Defendant"), and notice to the class, the Court being fully advised in the

premises, IT IS HEREBY ORDERED:

   1. The Court finds that the proposed settlement and release, the terms of

which are fully set forth in the Agreement, is within the range of fairness and reasonableness and

grants preliminary approval to it.

   2. For the purposes of settlement, the parties stipulate to the certification of a

class defined as:

     (a) all natural persons with Massachusetts addresses (b)
     to whom Arrow Financial Services LLC sent a letter in
     the form represented by Exhibits A and B to the
     Amended Complaint (c) on or after March 24, 2004,
     and (e) on or before April 14, 2005.

The class described above includes approximately 5,350 persons.   Edelman, Combs, Latturner

& Goodwin, LLC and the Law Offices of Claude Lefebvre & Sons are appointed as class

1

counsel.

      3.     A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on [90 days from the entry of this order] at _____ a.m./p.m.

      4.     The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before [30 days from the entry of this order]. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address. Defendant will re-mail any notice that is returned with a forwarding address. Defendant will also cause the settlement checks to be distributed.

      5.     The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

      6.     Class members shall have until [75 days from the entry of this order] to opt out or object to the proposed settlement. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the United States District Court for the District of Massachusetts, Eastern Division and serve copies of the request on counsel for both Plaintiffs and Defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, and serve copies of the objection on counsel for both Plaintiffs and Defendant by that date. Any objection must include

2

the name and number of the case and a statement of the reasons why the objector believes that

the Court should find that the proposed settlement is not in the best interests of the class.

Objectors who have filed written objections to the settlement must also appear at the hearing and

be heard on the fairness of the settlement.

       7.    In order to receive a portion of the cash payment under this settlement,

class members must complete and return a claim form by [75 days from the entry of this order].

The claim form will be provided with the class notice.


DATE: _____       ENTER: _____

                                       The Honorable Richard G. Stearns
                                       United States District Judge

3

Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM J. HOYT and TIMOTHY BROWDER, | ) ) ) | |
| Plaintiffs, | ) ) | 1:05cv10560 RGS |
| v. | ) ) | Judge Stearns |
| ARROW FINANCIAL SERVICES LLC, | ) ) | |
| Defendant. | ) ) | |

### FINAL APPROVAL ORDER

1.    On _____, 2006, this Court preliminarily approved the Class

Settlement Agreement reached between Plaintiffs and Defendant Arrow Financial Services LLC

("Defendant"). The Court approved a form of notice for mailing to the class. The Court is

informed that actual notice was sent by first-class mail to approximately _____ class

members (counting couples and other joint persons as a single class member). A total of

_____ envelopes were returned by the United States Postal Service marked not

deliverable with no forwarding addresses available, and _____ envelopes were returned and re-

mailed to a forwarding address. _____ class members requested exclusion and _____

objections were filed or received. A total of _____ class members timely returned the

proof of claim form and are therefore entitled to a share in the monetary benefits of the

settlement. As of _____, 2006, _____ late claim forms were returned by class members.

2.    On _____, 2006, the Court held a fairness hearing to which class

members, including any with objections, were invited. The Court, being fully advised in the

premises, hereby orders:

1

3.      The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

4.      The Court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties, including the release and:

(a)      Payment of a total of $39,500.  The settlement payment will be paid as follows:

(1)      Plaintiffs Hoyt and Browder will each receive $1,000 in settlement of their individual claims and Defendant shall cease collection of Hoyt's GE Capital Consumer Card Co. account (identified at paragraph 10(c) of the Class Settlement Agreement and Browder's Tweeter account (identified at paragraph 10(d) of the Class Settlement Agreement).

(2)      Class members who have timely returned a claim form postmarked by _____, 2006 who did not exclude themselves and who can be located shall be paid their *pro rata* share of $25,000 by check, void 60 days after issuance. No class member shall receive a *pro rata* share in excess of $100. Defendant shall credit the account balance of each class member who did not submit a claim form in an amount equal to 10% of the class member's outstanding account balance.

(b)      Plaintiffs' counsel will petition the Court for attorneys' fees and costs and expenses of this lawsuit, in an amount of $12,500.  Plaintiffs' counsel will not request additional fees or costs from Defendant or the class members other than the Court awarded fees and costs.  The attorney's fees and costs awarded by the Court shall be paid by check on the Effective Date.

2

(c)    Any undistributed funds or uncashed checks will be distributed to a mutually agreed upon charity as a cy pres award.

5.    Plaintiffs and the members of the class grant Defendant the following releases:

a.    Plaintiffs hereby remise, release and forever discharge ARROW FINANCIAL SERVICES LLC and its present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns (hereinafter collectively "RELEASED PARTIES") of and from all causes of action, suits, claims demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs made or could have been made in this action in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court gives final approval to the Class Settlement Agreement, arising out of all of the allegations made or which could have been made in the action styled as *William J. Hoyt and Timothy Browder v. Arrow Financial Services, LLC*, 1:05cv10560 RGS.

b.    Each class member not opting out releases and discharges the RELEASED PARTIES of and from all causes of action, suits, claims and demands, relating to the collection letters attached as Exhibit A and Exhibit B.

c.    This release is in no way intended to release Arrow's claims for payment of the class members' debts or the class members' claims regarding (1) whether the debt is in fact actually owed, (2) the crediting of payments on such debts, and (3) the proper

3

reporting of debts to credit bureaus.

      6.      The Court finds the Settlement Agreement fair and made in good faith.

      7.      The Court dismisses the claims of Plaintiffs and the class as set forth in the Class Settlement Agreement against Defendant and the Released Parties with prejudice and without costs.

      8.      The Court awards attorney's fees and costs of $ _____, to Edelman, Combs, Latturner & Goodwin, LLC and the Law Offices of Claude Lefebvre & Sons. This amount shall be deducted from the $39,500 settlement payment described above, prior to distribution. Class Counsel is not entitled to payment of any additional fees and costs other than the court-awarded fees and costs.

      9.      The Court retains jurisdiction over the interpretation, enforcement and implementation of the Settlement Agreement and of this Order.

DATE: _____           ENTER: _____
                                       The Honorable Richard G. Stearns
                                       United States District Judge